## MOTLOW et al. v. UNITED STATES.*

Circuit Court of Appeals, Eighth Circuit.
October 1, 1929.

No. 8475.

Charles A. Houts, of St. Louis, Mo. (P. H. Cullen and D. J. O'Keefe, both of St. Louis, Mo., on the brief), for appellants.

George C. Dyer, Asst. U. S. Atty., of St. Louis, Mo. (Louis H. Breuer, U. S. Atty., of Rolla, Mo., and Claude M. Crooks, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

*Rehearing denied December 4, 1929.

Before STONE, BOOTH, and GARD-NER, Circuit Judges.

BOOTH, Circuit Judge. This is a libel filed by the United States, seeking a forfeiture of certain real estate occupied at one time by the Jack Daniel Distilling Company in the city of St. Louis, together with certain personal property located on the premises. The gist of the allegations of the libel was that the distilling company had unlawfully carried on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled, and that said company had withdrawn and removed from said premises distilled spirits without having paid the revenue tax upon the same, with intent to defraud the United States. An answer to the libel and a reply to the answer were interposed, a stipulation waiving a jury was filed, and the case tried to the court. The government moved for judgment on the pleadings. The defendants, the appellants herein, being the owners of the premises, introduced certain evidence, and the case was submitted. The court found in favor of the United States and ordered judgment of forfeiture of the premises. A stipulation had been entered into by the parties that, if judgment was ordered for the plaintiff, the judgment might be satisfied by the payment of $20,000. This provision was incorporated in the judgment.

From the pleadings, a meager record, and the admissions of counsel, we gather the following facts: Prior to 1917 the distilling company occupied all of the premises, described in the libel as lessee of appellants, and was engaged in carrying on the business of a distiller. Upon the premises were located a distillery and a distilling warehouse. Before commencing business the distilling company gave a distiller's bond as required by section 3260, Rev. St. (26 USCA § 284). A large quantity of whisky was distilled and was stored in the distillery warehouse. At the time of the removal of the whisky to the warehouse, the distilling company gave a warehouse bond as required by section 3293, Rev. St. (26 USCA § 371). These bonds, or similar bonds, were in full force and effect at the time of the wrongful removal of the whisky from the warehouse, as hereinafter set forth.

Just before war prohibition went into effect, the distilling company gave the notice provided in section 3310, Rev. St. (26 USCA § 323), that it would suspend work on a day specified, and it did so suspend, and the doors of its furnaces and stills were locked, as provided in said statute, after which date no distilling was done on said premises by said company, although it continued to occupy the premises. January 1, 1921, the appellants, being the owners of said premises, made a new written lease to the distilling company, covering the same premises. May 11, 1921, the distilling company filed with the collector of internal revenue the notice required by section 3259, Rev. St. (26 USCA § 282), that it intended to engage on and after that date in the business of distilling spirits on said premises. The owners of the property, in accordance with section 3262, Rev. St. (26 USCA § 286), also filed an owner's consent that the United States should have a lien, prior to any other liens, for any penalties or forfeitures that might accrue against the distilling company. The consent by its terms was to continue until December 31, 1925, that being the date of expiration of the lease.

This lease came to an end by act of the parties prior to July 1, 1923. In June, 1923, the appellants made a new lease to the distilling company, covering that part of the premises only on which the distillery warehouse was located. The warehouse at that time contained a large quantity of whisky which had been manufactured prior to 1917. Some time prior to September, 1923, this whisky was wrongfully removed by the distilling company or its employés, or by persons unknown, without the tax having been paid which had theretofore been imposed by the United States. In December, 1923, a seizure of the distillery was made by the collector and the present proceedings by libel followed.

The sole assignment of error on the present appeal is as follows: "There was no evidence and no admission in the pleadings that at the time complained of the Jack Daniel Distilling Company carried on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled by it; and without these facts being established by proof or admissions, no judgment of forfeiture of the real estate could be decreed, and in its absence the court erred in so decreeing." In other words, the claim of the appellants is that the distilling company was not carrying on the business of a distiller in 1923 when the wrongful removal of the whisky took place, because there was no evidence or admission that any whisky had been distilled on the premises since about 1917.

Relevant statutes are as follows:

Section 3247, Rev. St. (26 USCA § 241):

"Every person who produces distilled spirits, or who brews or makes mash, wort, or wash, fit for distillation or for the production of spirits, or who, by any process of evaporization, separates alcoholic spirit from any fermented substance, or who, making or keeping mash, wort, or wash, has also in his possession or use a still, shall be regarded as a distiller."

Section 3271, Rev. St. (26 USCA § 361): "Every distiller shall provide, at his own expense, a warehouse, to be situated on and to constitute a part of his distillery premises, and to be used only for the storage of distilled spirits of his own manufacture until the tax thereon shall have been paid."

Section 3257, Rev. St. (26 USCA § 261): "Whenever any person engaged in carrying on the business of a distiller defrauds or attempts to defraud the United States of the tax on the spirits distilled by him, or of any part thereof, he shall forfeit the distillery and distilling apparatus used by him, and all distilled spirits and all raw materials for the production of distilled spirits found in the distillery and on the distillery premises, and shall be fined not less than five hundred dollars nor more than five thousand dollars, and be imprisoned not less than six months nor more than three years."

Section 3281, Rev. St. (26 USCA § 306): "Every person who * * * carries on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled by him, or of any part thereof, shall, for every such offense, be fined * * * and imprisoned. * * * And * * * all the right, title, and interest of such person in the lot or tract of land on which such distillery is situated, and all right, title, and interest therein of every person, who knowingly has suffered or permitted the business of a distiller to be there carried on, or has connived at the same, * * * shall be forfeited to the United States."

There can be no doubt that the distilling company was a distiller, at least up to the time when it ceased producing whisky, and the question here involved is whether the company continued to be a distiller, and was such at the time the whisky was wrongfully removed from the warehouse. It goes without saying that warehousing and selling of whisky is as much a part of a distiller's business as is the actual production of the whisky, and the question naturally arises, if the company was not a distiller during the period it was holding this whisky in the warehouse, after it had ceased distilling, in what capacity was it holding the whisky?

It was not a wholesale liquor dealer, and paid no tax as such. Section 3244 (fourth), Rev. St. (26 USCA §§ 205, 221), relating to wholesale liquor dealers, recognizes a distinction between such dealers and distillers, and exempts distillers from the tax imposed upon wholesale liquor dealers. Section 3251, Rev. St. (26 USCA § 249), providing for a lien on the distiller's premises, contemplates that the lien shall continue until the tax is paid on the whisky. It reads as follows:

"Every proprietor or possessor of, and every person in any manner interested in the use of, any still, distillery, or distilling apparatus, shall be jointly and severally liable for the taxes imposed by law on the distilled spirits produced therefrom, and the tax shall be a first lien on the spirits distilled, the distillery used for distilling the same, the stills, vessels, fixtures, and tools therein, the lot or tract of land whereon the said distillery is situated, and on any building thereon from the time said spirits are in existence as such until the said tax is paid."

Section 3260, Rev. St. (26 USCA § 284), providing for a distiller's bond, and section 3293, Rev. St. (26 USCA § 371), providing for a distiller's warehouse bond, both contemplate a continuance of the obligation of such bonds until the whisky is sold.

In view of the facts above outlined, and the provisions of the foregoing statutes, we hold that the distilling company was carrying on the business of a distiller within the meaning of section 3257, Rev. St. (26 USCA § 261), and section 3281, Rev. St. (26 USCA § 306), at the time of the wrongful removal of the whisky from the warehouse in September, 1923.

It follows that the judgment was right, and it is affirmed.